{¶ 30} I write separately merely to indicate my disagreement with the following two sentences in the majority opinion:
 {¶ 31} "Eddie is not materially prejudiced merely because he has no records to contest those maintained by CSEA. He might be if the CSEA records are an inadequate basis to determine what he owes."
 {¶ 32} To my way of thinking, it is the other way around. If the CSEA records are an inadequate basis to establish an arrearage, and if there is no other basis upon which to establish an arrearage, then Eddie will not be prejudiced by the delay, because no arrearage can be established to support a judgment against him. It is precisely when he might have had records, or other evidence, to present in opposition to the CSEA records, or other evidence presented against him, but has destroyed that evidence, or failed to maintain that evidence, in the face of an unreasonable delay of another in asserting an adverse interest, that he can be said to have been materially prejudiced.
 {¶ 33} I do agree, however, that upon this record, Eddie has failed to present sufficient evidence to support the trial court's finding of laches, which requires a reversal of the order based upon that finding, and a remand of this cause to the trial court. This is based upon Eddie's failure to have offered any proof that he had any records or other evidence to support his position, but lost that evidence as a result of delay.